ORIGINAL

FILED IN OPEN COURT
U.S.D.C. Atlanta

MAR 3 1 2015

JAMES ..., Clerk
By: ...... Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HEATHER COTE | Criminal Information<br><br>No. 1:15-CR-111-SCJ |

THE UNITED STATES ATTORNEY CHARGES THAT:

From in or about May 2007, and continuing through in or about December 2011, in the Northern District of Georgia and elsewhere, defendant HEATHER COTE, K.S., E.D., and co-conspirators known and unknown, did combine, conspire, confederate, agree and have a tacit understanding with each other to transport, transmit, and transfer in interstate and foreign commerce money, having a value of $5,000 or more, knowing the same to have been stolen, converted, and taken by fraud, to wit, "consideration monies" that defendant HEATHER COTE, K.S., and E.D. fraudulently induced victims seeking loans for commercial and residential projects to deposit in a bank account in Houston, Texas controlled by defendant HEATHER COTE and a purported escrow account in Panama City, Florida controlled by coconspirator E.D. by misrepresenting to the victims that the funds would remain there for safekeeping pursuant to the terms of a written deposit agreement, well knowing at the time that such monies instead would be transferred at once to accounts controlled by K.S. in Georgia and Germany for his benefit, including a wire transfer on or

about December 14, 2010, by defendant HEATHER COTE of $10,200 in funds belonging to victim K.M. to an account controlled by coconspirator K.S. at Commerzbank AG in Germany in an effort to accomplish an object of the conspiracy, and by concealing the fraudulent disbursements from their victims, in violation of Title 18, United States Code, Section 2314.

All in violation of Title 18, United States Code, Section 371.

### FORFEITURE PROVISION

1. Upon conviction of the offense alleged in this Information, the defendant, HEATHER COTE, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the offense.

2. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to

seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

JOHN A. HORN
  *Acting United States Attorney*

*/s/ Nathan P. Kitchens*
NATHAN P. KITCHENS
  *Assistant United States Attorney*
Georgia Bar No. 263930

600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181