IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CRIMINAL ACTION |
| v. | : | NO: 1:15-CR-111-SCJ |
| HEATHER COTE, | : | |
| Defendant, | : | |
| and | : | |
| | : | |
| ENTERGY EMPLOYEE BENEFIT COMMITTEE, | : | |
| | : | |
| Garnishee. | : | |

**FINAL DISPOSITION ORDER IN GARNISHMENT
AS TO PROPERTY HELD BY GARNISHEE ENTERGY EMPLOYEE BENEFIT
COMMITTEE**

A Writ of Continuing Garnishment has been duly issued and served upon Garnishee Entergy Employee Benefit Committee ("Garnishee") and Defendant HeatherCote ("Defendant"). Pursuant to the Writ, Garnishee filed an answer stating that at the time of service of the Writ, Garnishee had in its possession, custody or control personal property belonging to and due the defendant, namely 401k account with approximate value of $100,000.00.

The FedEx Corporation served Defendant with the garnishment package including the Writ of Continuing Garnishment, the Application for Writ of Continuing Garnishment, the Plaintiff's Notice of Garnishment and Instructions,

and the Clerk's Notice of Post-Judgment Writ of Continuing Garnishment on September 10, 2015. These notices informed Defendant of the statutory right to request a hearing before this Court to determine exempt property, and the statutory right to object to the garnishee's answer.

The Defendant has not requested a hearing, or claimed any exemptions. All prerequisites for entry of a final disposition order under 28 U.S.C. § 3205(b)(7) have therefore been met.

On October 20, 2015 , the United States filed a Motion for Entry of Final Disposition Order in Garnishment as to Garnishee. The Defendant has not filed any responsive pleading or objection.

IT IS THEREFORE ORDERED that Garnishee shall turn over to the Clerk of Court for the Northern District of Georgia all of the liquidated property of the defendant in its possession, including any of the following: disposable earnings, wages, commissions, and income; stocks, securities, shares and/or dividends; retirement accounts, investment accounts and IRAs; cash surrender value of life insurance; and bank accounts, other funds, distributions or proceeds in its possession belonging to Defendant.

Garnishee shall pay proceeds of the retirement accounts in accordance with the agreed upon instructions by Garnishee, the United States Attorney's Office and Defendant, upon vesting at Defendant's separation or retirement from employment (instructions maintained by the parties separately). Garnishee shall make payment, as provided in this paragraph, unless the debt is fully satisfied prior to vesting or unless otherwise ordered by this Court.

This is a continuing garnishment which applies to property held at the time the writ was served on Garnishee or property obtained in the future by Garnishee for Defendant. Therefore, Garnishee is directed to turn over any property held since the date of service of the writ. Payment from Garnishee as provided in this Order, and pursuant to the Writ of Garnishment, shall continue until the debt is paid in full; or Garnishee no longer has or will have custody, possession or control of any property belonging to Defendant; or until further Order of this Court.

Payment should be made by certified check or money order made payable to the Clerk of Court for the Northern District of Georgia, 2211 U.S. Courthouse, 75 Ted Turner Drive S.W., Atlanta, Georgia 30303 with reference on the negotiable instrument to the case number, 1:15-CR-111-SCJ.

SO ORDERED THIS  21st  day of  October , 2015.


                              s/Steve C. Jones
                              The Honorable Steve C. Jones
                              UNITED STATES DISTRICT JUDGE


Proposed order Respectfully Submitted by,


s/ James B. Cash
JAMES B. CASH
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 418736
75 Ted Turner Drive, S.W.
600 Richard Russell Federal Building
Atlanta, GA 30303
Phone: (404) 581-6350
Fax:    (404) 581-6167
james.cash@usdoj.gov